## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOLIMAR LAMEDA, as parent and next of friend of S.L., a minor child, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-21-119-D |
| INDEPENDENT SCHOOL DISTRICT NO. 29 OF CLEVELAND COUNTY, a/k/a NORMAN PUBLIC SCHOOLS, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss [Doc. No. 7], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants seek the dismissal of certain claims asserted by Plaintiff Solimar Lameda on behalf of her minor daughter, S.L.: civil rights claims under 42 U.S.C. § 1983 against individual defendants who raise the defense of qualified immunity; negligence claims against Defendant Independent School District No. 29, which invokes exemptions under Oklahoma's Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151 *et seq*.; and any claim asserted under the School Safety and Bullying Prevention Act, Okla. Stat. tit. 70, § 24-100.2 *et seq*. Defendants do not challenge claims asserted against the school district under § 1983 and under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

Plaintiff has responded in opposition [Doc. No. 11] to the Motion, which is fully briefed and at issue. *See* Defs.' Reply Br. [Doc. No. 12].

### Plaintiff's Factual Allegations[1]

The genesis of this case is a sexual assault of S.L., a female freshman student at Norman North High School, during a school sponsored trip in September 2019.  S.L. was assaulted by a male student, L.G., on a school bus while the debate team was returning from a tournament.  S.L. reported the incident to two school employees the following day and met with the school's student advocacy coordinator, Defendant Lori Hollingsworth, to address the incident.  About a week later, Plaintiff initiated a state court action to obtain a protective order for S.L.  Following an evidentiary hearing in November 2019, the district court entered a protective order against L.G. that remains in effect until November 2021. The order prohibits L.G. from having any contact with S.L. in any manner (in person or by telephone or electronic means) and at any time or place unless specifically authorized by the court, and from harassing or threatening S.L. or engaging in any conduct that would place her in reasonable fear of bodily injury.  L.G. testified at the hearing; he admitted in his testimony and in a statement to school officials that he inappropriately touched S.L.

Plaintiff alleges that the school principal, Defendant Kristina Gray, conducted a biased and inadequate investigation of the incident.  Despite receiving a copy of the protective order and despite L.G.'s admission of inappropriate touching, Gray published an official Title IX report that found the assault was a consensual encounter.  The report did, however, recommend remedial action to include a plan for avoiding further contact between the two students and a safety plan.  Plaintiff appealed the findings of the report to

---

[1]  Pursuant to the standard of decision (*see infra*), Plaintiff's allegations are accepted as true and stated in the light most favorable to her.

the school's Title IX director, Defendant Holly Nevels, but she deferred to Gray's findings and denied the appeal.

As a result of her trauma, S.L. did not attend school following the assault until the next semester.  When S.L. returned to school in January 2020, Plaintiff was promised a safety plan to prevent S.L. from encountering L.G.  However, no plan was implemented, and S.L. was forced to be in L.G.'s presence on a regular basis.  L.G. and his friends harassed and retaliated against S.L. for reporting the incident.  Plaintiff and S.L. complained to the student advocate, Hollingsworth, several times regarding L.G.'s continued encounters with S.L., but no remedial action was taken.

Based on these factual allegations, Plaintiff filed suit on S.L.'s behalf in the District Court of Cleveland County, Oklahoma, seeking monetary relief for S.L.'s psychological and emotional injuries, lost educational benefits and opportunities, and damage to her reputation and relationships.  The claims asserted in the complaint include state law negligence claims against the school district, a Title IX claim against the school district, and § 1983 claims against all Defendants for violation of S.L.'s constitutional right to equal protection.  Defendants timely removed the case to federal court and filed their Motion.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*.  In evaluating the complaint, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  In § 1983 cases, it is particularly important for a complaint "to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F. 3d 1242, 1249-50 (10th Cir. 2008) (emphasis omitted); *see Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

Where a defendant asserts qualified immunity, the plaintiff must allege sufficient facts to overcome this defense.  "The doctrine of qualified immunity protects government officials from liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (internal quotation omitted).  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Stewart v. Beach*, 701 F.3d 1322, 1331 (10th Cir. 2012).

**Discussion**

**A.      Qualified Immunity Under § 1983**

The individual defendants claim they are entitled to qualified immunity from suit under § 1983 because the factual allegations of the complaint fail to show a violation of

S.L.'s Fourteenth Amendment right to equal protection and because Plaintiff cannot show the alleged constitutional violation was clearly established in September 2019.

### 1. Equal Protection Claim

Plaintiff claims Defendants violated S.L.'s right of equal access to an educational environment free from sex discrimination by acting with "deliberate indifference to known sexual harassment." *See* Pet. [Doc. No. 1-1] ¶¶ 106-107 (quoting *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999)). Specifically, Plaintiff complains that the individual defendants – Gray, Nevels, and Hollingsworth – failed to take prompt and effective action to resolve S.L.'s complaints of sexual harassment "and instead acted with deliberate indifference toward S.L." *Id*. ¶ 110. Plaintiff relies on the factual allegations regarding each defendant's part in responding to S.L.'s sexual assault to argue that the individual defendants failed to appropriately investigate the incident, address L.G.'s behavior, protect S.L., and implement an adequate complaint procedure. *Id*. ¶ 109. Plaintiff alleges that Defendants' conduct "resulted in S.L., on the basis of sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program." *Id*. ¶ 111.

Invoking the defense of qualified immunity from suit under § 1983, the individual defendants challenge, first, whether Plaintiff has sufficiently alleged conduct by any of them that would amount to "deliberate indifference" to sexual harassment within the meaning of *Murrell* and, second, whether Plaintiff can show that the complained-of conduct violated a clearly established constitutional right of which a reasonable person in their position would have known.

5

In *Murrell*, the Tenth Circuit confirmed that a student who is subjected to sexual harassment by another student may sue under § 1983 for sex discrimination prohibited by the Fourteenth Amendment.  *Murrell* was decided in the wake of *Davis v. Monroe County Board of Education*, 524 U.S. 980 (1998), which held that a school receiving federal funds could be held liable under Title IX for failing to address student-on-student sexual harassment.  The court of appeals addressed both Title IX and the Equal Protection Clause, and considered § 1983 claims against both the school district and individuals.  The court held that "a government official or supervisory employee may be held liable under § 1983 upon a showing of deliberate indifference to known sexual harassment." *Murrell*, 186 F.3d at 1250.  The court found the plaintiff stated a § 1983 claim of intentional discrimination against the principal and teachers who "actually knew of and acquiesced in" a student's sexual harassment of another student "by refusing to reasonably respond to it." *Id.*

Defendants point out, correctly, that *Murrell* involved much more egregious facts; it included repeated assaults by a student who was known to be sexually aggressive, active concealment of the incidents by teachers, and a refusal by the principal to conduct any investigation.  In contrast, this case involves a single sexual assault and a poor response by school administrators after S.L. reported it; Plaintiff complains about the quality of the investigation and a lack of remedial action.  Upon consideration, however, the Court finds that Plaintiff provides minimally sufficient factual allegations, accepted as true, to support a reasonable inference of deliberate indifference to known sexual harassment.

In addition to alleging an unsatisfactory response to L.G.'s sexual assault of S.L., Plaintiff also claims the individual defendants failed to protect S.L. when she returned to

school and refused to develop and implement any plan to address S.L.'s exposure to further sexual harassment and retaliation from L.G. and other students. Plaintiff's pleading states the facts summarized *supra* and contains additional factual allegations that suggest deliberate indifference. For example, despite receiving a copy of the protective order in which the court "found that L.G. represents a credible threat to the physical safety of S.L.," and "despite having actual knowledge that L.G. and his friends were harassing and retaliating against S.L. for reporting the incident on the bus, Defendants allowed L.G. to continue classes at [Norman North High School] unrestricted and remain in the presence of S.L." *See* Pet. ¶¶ 35, 51. "S.L. was subjected to sexual harassment in the form of physical assault, name calling, threats, and being put in the presence of her assailant." *Id.* ¶ 97(b). Defendants Gray and Nevels failed to educate and train other administrators, teachers, and students regarding student-on-student sexual harassment, including proper reporting, investigation, and protection of complainants from retaliation. *Id.* ¶ 70. Defendants also "failed to comply with their own policies in handling S.L.'s reports of sexual harassment and retaliatory harassment." *Id.* ¶ 71.

A reasonable inference to be drawn from Plaintiff's factual allegations – when accepted as true and viewed most favorably to her – is that the individual defendants knew of sexual harassment, that is, a credible claim of sexual assault, and acquiesced in it by refusing to make a reasonable response to S.L.'s report and subsequent complaints. Any harassment of S.L. that was motivated by retaliatory animus for reporting a sexual assault was "discrimination on the basis of sex." *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1311 (10th Cir. 2020) (quoting *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74

(2005)).  By refusing to make any response to S.L.'s requests for assistance and failing to put in place any measures to protect her, the individual defendants deliberately left S.L. vulnerable to sexual harassment and retaliation.  Thus, applying the standard stated in *Murrell*, Plaintiff's pleading sufficiently shows deliberate indifference to known sexual harassment.[2]

In summary, the Court finds that Plaintiff has provided adequate factual allegations, although barely so, to give the individual defendants "fair notice of what the . . . claim is and the grounds upon which it rests."  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  Despite Defendants' desire for a more exacting standard, "Rule 8(a)(2) still lives."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).  The Court finds that Plaintiff's pleading states a plausible § 1983 claim against the individual defendants for a violation of S.L.'s right to equal protection.

## 2. Clearly Established Law

The individual defendants alternatively assert that, if an equal protection claim is stated, they are entitled to qualified immunity because Plaintiff cannot show that the unconstitutionality of their alleged conduct was clearly established in 2019.  Their argument is again based on distinctions between this case and *Murrell*, and the proposition

---

[2]  Plaintiff also argues in opposition to Defendants' Motion a separate theory of individual liability under § 1983 "for deliberate indifference in the promulgation and implementation of sexual assault policies and procedures."  *See* Pl.'s Resp. Br. at 13.  This argument is based on allegations in Plaintiff's complaint that support claims against the school district and on additional facts that appear only in her brief.  *See id.* at 14 (arguing areas of responsibility of Gray, Nevels, and Hollingsworth).  Because Rule 12(b)(6) does not permit the consideration of facts outside the complaint, this argument is disregarded.

that the clearly established prong of qualified immunity cannot be defined at a level of generality that fails to demonstrate every reasonable official would have understood their alleged conduct was unconstitutional.

The Court disagrees with the individual defendants' apparent position that their assertion of qualified immunity requires a search of case law for similar facts to the alleged conduct in this case.  "[T]he law holding that sexual harassment is actionable as an equal protection violation has long been clearly established."  *Sh.A. ex rel. J.A. v. Tucumcari Mun. Schools*, 321 F.3d 1285, 1288 (10th Cir. 2003).  Moreover, the Tenth Circuit has rejected Defendants' position with regard to equal protection claims based on sexual harassment of students, cautioning that "the concept of clearly established law should not be applied too literally" and courts should "merely require the parties to make a reasonable application of existing law to their own circumstances."  *See id.* (quoting *Johnson v. Martin*, 195 F.3d 1208, 1216 (10th Cir. 1999)); *see also Doe v. Hutchinson*, 728 F. App'x 829, 835 (10th Cir. 2018) ("the question is not whether the facts of *Sh.A.* were sufficiently similar to those alleged in Doe's complaint, but whether our case law would make it clear to reasonable officials that Hutchinson's alleged conduct" violated the equal protection right at issue).

Given clear authority that school officials may not act with deliberate indifference to student-on-student sexual harassment, a § 1983 claim that satisfies the deliberate indifference standard should not be dismissed at the pleading stage based on an asserted defense of qualified immunity.  *See Murrell*, 186 F.3d at 1251-52 (school employees who acted with deliberate indifference were not entitled to qualified immunity because the

9

unlawfulness of their conduct was apparent under existing case law); *see also Hutchinson*, 728 F. App'x at 835 (affirming denial of qualified immunity on motion to dismiss because student adequately pled a violation of equal protection and law was sufficiently clear to put a reasonable teacher on notice that alleged conduct violated equal protection standard); *Doe v. Roaring Fork Sch. Dist.*, 510 F. Supp. 3d 971, 979 (D. Colo. 2020), *appeal dismissed sub nom.*, No. 21-1029, 2021 WL 3174319 (10th Cir. May 14, 2021) ("the question is not whether plaintiff has alleged facts sufficiently similar to the facts in *Murrell*, but instead whether our case law would make it clear that defendant Engle's conduct constituted deliberate indifference").  Applying this rule to the alleged facts of this case, the Court finds that the individual defendants are not entitled to dismissal of Plaintiff's § 1983 claim against them based on the defense of qualified immunity.

**B.     State Law Claims**

**1.     Claim Under Oklahoma's School Safety and Bullying Prevention Act**

Plaintiff appears to assert a state law claim based on an alleged failure of the school district to comply with the School Safety and Bullying Prevention Act, Okla. Stat. tit. 70, §§ 24-100.2 to 24-100.5.  Plaintiff includes certain provisions of the Act in her pleading, and alleges in support of her negligence claim that the school district violated "one or more Oklahoma Statutes," citing § 24-100.4.  *See* Pet. ¶¶ 60-65, ¶ 85.  Defendant argues that any claim based on these allegations should be dismissed because the Act does not provide a private cause of action for a school district's failure to comply with the statutory provisions. *See* Def.'s Mot. at 16-17; *see also* Okla. Stat. tit. 70, § 24-100.3(B) ("Nothing in this act shall be construed to impose a specific liability on any school district.").

Plaintiff makes no response to this argument except to deny that she asserts a claim based on a violation of the Act.  *See* Pl.'s Resp. Br. at 20.  However, her denial is equivocal. Plaintiff states that she is not claiming the school district's duty to S.L. "arises from the [Act]" but merely that the duty "is informed by the [Act]." *Id*. (emphasis omitted).  Plaintiff does not explain the proposed distinction.  The Court finds that Plaintiff has effectively conceded that she cannot bring a claim against the school district for violating the Act.  The Court therefore finds that the school district is entitled to the dismissal of any claim asserted by Plaintiff based on a violation of the School Safety and Bullying Prevention Act.

### 2.     Negligence Claims Barred by GTCA

The school district asserts that any negligence claim based on its alleged failure to adopt or enforce appropriate policies, and Plaintiff's claim of negligent hiring, training, and supervision of employees, are barred by exemptions in the GTCA.  The school district invokes the protections of § 155(4) for policymaking and enforcement decisions and § 155(5) for discretionary functions.  *See* Def.'s Mot. at 18-19.  Plaintiff contends her negligence claims fall outside these exceptions to tort liability.  Upon consideration, the Court finds that Plaintiff's negligence claims are not well-defined in her pleading but, as limited by her brief, are not barred by the GTCA.

As to Count I, Plaintiff argues that this "negligence claim is based on [the school district's] failure to implement or carryout its existing policies in a reasonable manner" and that her "allegations center on [the district's] failure to implement and fulfill its policies." *See* Pl.'s Resp. Br. at 22-23.  She contends this claim is not covered by § 155(4) because this exemption does "not apply to tortious acts of government servants in the daily

implementation of policy." *Id.* at 23 (quoting *State ex rel. Okla. Dep't of Pub. Safety v. Gurich*, 238 P.3d 1, 4 (Okla. 2010)).  The school district concedes this type of negligence claim would not be barred by § 155(4) but contends Plaintiff's pleading contains no allegation that it violated existing policies.  *See* Defs.' Reply Br. at 8.

The Court disagrees with the school district's assessment of Count I, which arguably claims negligence in the operational-level actions of school employees who allegedly failed to protect S.L. from sexual harassment and retaliation.  *See* Pet. ¶¶ 83-84.  Plaintiff does not expressly complain in her pleading about a failure of the school district to adopt and enforce adequate policies, and the school district is simply incorrect in arguing that the complaint does not allege a violation of existing policies.  *See id.* ¶ 71 (Defendants "failed to comply with their own policies in handling S.L.'s reports of sexual harassment and retaliatory harassment").  Viewing Count I as limited to the negligence claim argued in Plaintiff's brief, the Court finds that this claim is not barred by § 155(4).[3]

Turning to Count II, Plaintiff asserts a negligence claim against the school district for "failing to properly hire, train, supervise and retain its employees in the reasonable administration of its extra-curricular activities."  *Id.* ¶ 92.  The school district contends it is immune from liability for negligent hiring, training, and supervision of school employees because these personnel activities involve discretionary decisions protected by § 155(5).  Plaintiff contends the school district presses for an overly broad interpretation of § 155(5).

---

[3]  Plaintiff's pleading also alleges the school district had an anti-bullying policy adopted pursuant to the School Safety and Bully Prevention Act.  As discussed *supra*, however, Plaintiff cannot base her negligence claim on the school district's allege failure to comply with the Act.

Upon careful review of decisions of the Oklahoma Supreme Court regarding the proper application of § 155(5), the Court finds that the discretionary function exemption must be decided in the factual context of a particular claim and that a reasoned decision of the school district's defense to liability cannot be made under Rule 12(b)(6).[4]   The Oklahoma Supreme Court has drawn a distinction between acts or decisions that involve policy choices and those that are ministerial or operational in nature and thus can be judged by objective standards.  *See Robinson v. City of Bartlesville Bd. of Educ.*, 700 P.2d 1013, 1015-17 (Okla. 1985); *see also Nguyen v. State*, 788 P.2d 962, 964-65 (Okla. 1990) (endorsing the majority, planning-operational approach developed under the Federal Tort Claims Act and in other states).  "Where discretion ends and actionable negligence begins cannot be defined without reference to the factual situation in which the question of discretionary v. ministerial has arisen."  *Robinson*, 700 P.2d at 1017 (footnote omitted).

For example, the supreme court considered in *Franks v. Union City Public Schools*, 943 P.2d 611 (Okla. 1997), whether a school district's alleged negligence in supervising students was protected by the discretionary function exemption in a case involving the physical assault of a student.  In *Franks*, the court acknowledged that policymaking and

---

[4]   Rule 12(b)(6) permits the dismissal of a claim that is barred by an affirmative defense where the facts necessary to determine the defense appear on the face of the complaint.  *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (dismissal based on an affirmative defense is proper where "the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements"); *accord Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019); 5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 713 (3d. ed. 2004) (affirmative defense can succeed under Rule 12(b)(6) if complaint has a "built-in defense and is essentially self-defeating").  The school district's exemption from liability under the GTCA is an affirmative defense, and the Court finds for the reasons discussed *infra* that Plaintiff's pleading does not present a self-defeating claim.

planning decisions regarding the supervision of students were discretionary functions but that negligent performance of the policy was not protected. *Id*. at 613. The court affirmed a summary judgment in favor of the school district holding, in part, that it was exempt from liability because the alleged negligence involved a discretionary decision not to provide supervision during a gap period when the teacher was at lunch, which was when the assault occurred. *See id*. at 613-14.

In this case, the Court finds that Plaintiff's allegations do not permit a determination as a matter of law that the discretionary function exemption applies to her negligent training and supervision claim. Based on Plaintiff's pleading, the Court cannot say whether the school district's alleged negligent training and supervision of the employees involved in S.L.'s case were based on policymaking or operational decisions. Therefore, the Court finds that Plaintiff's claim against the school district for negligence in failing to adequately train and supervise its employees should not be dismissed at the pleading stage as barred by the discretionary function exemption of § 155(5).

### 3.   Limitation of Damages

Finally, the school district asserts that if Plaintiff's negligence claims both go forward, the Court should determine that these claims will be aggregated for assessing liability under the GTCA and that the statutory maximum of § 154(A)(2) will cap Plaintiff's total damages for negligence. Plaintiff does not generally disagree with this position. *See* Pl.'s Resp. Br. at 6 n.3 ("Plaintiff does not . . . dispute that it is the damages claim, and not the theories of liability, which dictate the award allowed under the OGTCA.").

The Court finds, however, that the declaratory ruling sought by the school district is not appropriate for decision under Rule 12(b)(6), which serves to test the sufficiency of a claim and not the relief demanded.  *See Coll v. First Am. Title Ins. Co*., 642 F.3d 876, 901 (10th Cir. 2011) ("[T]he prayer for relief is no part of the cause of action and . . . the parties are entitled to such relief and to such judgment as the complaint . . . makes out."); *see also Cassidy v. Millers Cas. Ins. Co*., 1 F. Supp. 2d 1200, 1214 (D. Colo. 1998) (citing *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955)).  "[T]he only issue on a motion to dismiss is whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded." *Cassidy*, 1 F. Supp. 2d at 1214.  Accordingly, the Court declines to consider at this stage of the litigation whether a statutory cap may limit Plaintiff's recoverable damages on her negligence claims.

### Conclusion

For these reasons, the Court finds that the individual defendants are not entitled to the dismissal of Plaintiff's § 1983 claims against them and that the school district is not entitled to the dismissal of Plaintiff's negligence claims, except any claim based on an alleged violation of the School Safety and Bullying Prevention Act is dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Dismissal [Doc No. 7] is **GRANTED** in part and **DENIED** in part as set forth herein.

**IT IS SO ORDERED** this 21st day of September, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

15